**FILED**

NOV 2 7 2002

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Guerry E. Green, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2 02 3440 12 |
| | ) | |
| v. | ) | |
| | ) | |
| Snavely Forest Products Co., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

Defendant Snavely Forest Products, Inc. (incorrectly identified by Plaintiff as Snavely Forest Products Co.), by and through its undersigned counsel, hereby respectfully submits the following Answer as follows:

1.  Defendant lacks sufficient knowledge to form a belief as to the allegation in Paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2.  The allegations of paragraph 2 of Plaintiff's Complaint are denied. To the contrary, Defendant's name is Snavely Forest Products, Inc. ("Snavely") and Defendant is a Pennsylvania corporation with its principal place of business at 600 Delwar Road, Pittsburgh, Pennsylvania 15236.

3.  Defendant admits that Plaintiff's Complaint alleges patent infringement arising under the patent laws of Title 35 of the United States Code and that this court has subject matter jurisdiction over causes of action arising under Title 35 of the United States Code pursuant to 28

U.S.C. §§ 1331 and 1338(a). Defendant denies, however, that Plaintiff has any valid claim of patent infringement against Defendant.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant incorporates its answers contained in the above paragraphs herein.

7. Defendant admits that United States Letters Patent No. 6,250,040 entitled "Solid Core Vinyl Screen Door" ("the '040 patent") was issued on June 26, 2001 to Plaintiff Green and that Exhibit A to Plaintiff's Complaint appears to be a copy of the '040 patent. Defendant denies, however, that the '040 patent was duly and legally issued.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant's incorporates its answers contained in the above paragraphs herein.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14. Each and every allegation set forth in Plaintiff's Complaint which is not specifically admitted herein is expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15. The '040 Patent is invalid and/or unenforceable under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

## SECOND AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's prayer for relief is barred by the Doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff's claim is barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

19. Defendant reserves the right to assert additional affirmative defenses, at such time, and to such extent as warranted by discovery and factual developments in this case.

## COUNTERCLAIM

1. Defendant incorporates the preceding paragraphs as if set forth verbatim herein.

2. This is a claim for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

4. An actual, justiciable controversy now exists between Plaintiff and Defendant relating to the '040 patent.

5. Defendant has never made, used, sold, offered to sell, or imported any product that infringes the '040 patent.

6. Defendant has never induced the infringement of the '040 patent.

7. Defendant has never contributed to the infringement of the '040 patent.

8.  The '040 patent is invalid and/or unenforceable for failure to meet one or more of the requirements for patentability and/or enforceability as specified in the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## RELIEF REQUESTED

WHEREFORE, Defendant Snavely respectfully prays that this Court enter a judgment and decree:

A.  Dismissing Plaintiff's Complaint in its entirety, with prejudice;

B.  Declaring that the Defendant has not infringed the '040 patent;

C.  Declaring that the '040 patent is invalid and/or unenforceable;

D.  Declaring that Snavely is entitled to recover from Green the costs associated with defending this suit and reasonable attorney's fees under 35 U.S.C. § 285;

E.  Granting Snavely such other and further relief as the Court deems just and proper.

Respectfully submitted,

Snavely Forest Products, Inc.

Date: 11/27/02

By: _____
Craig N. Killen
I.D. No. 6291
NELSON MULLINS RILEY
& SCARBOROUGH
P.O. Box 11070
Columbia, SC 29211-1070
(803) 799-2000
Fax (803) 256-7500

4

OF COUNSEL:

Thomas C. Wettach
Pa. I.D. No. 01414
Mark A. Grace
Pa. I.D. No. 78701
John A. Monocello III
Pa. I.D. No. 85984
COHEN & GRIGSBY
11 Stanwix St., 15th Floor
Pittsburgh, PA  15222
(412) 297-4900

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Answer and Counterclaim is being served via first class mail, postage prepaid, on this 27th day of November 2002 to:

William Y. Klett, III, Esq.
Nexsen Pruet Jacobs & Pollard, LLC
P.O. Drawer 2426
Columbia, SC  29202-2426

_____
Attorney for Defendant