IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Guerry E. Green, | ) | C/A No. 3:02-3440-MBS |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Snavely Forest Products Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Guerry E. Green is engaged in the business of manufacturing and selling solid core vinyl screen doors and products related to screen doors. Plaintiff brought this patent infringement action against Defendant Snavely Forest Products Co. on October 16, 2002, alleging that Defendant's screen doors directly infringe upon Plaintiff's patent-in-suit, U.S. Patent No. 6,250,040 ("the '040 Patent"). The court issued an order construing claims pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), on December 30, 2004.

On May 12, 2005, Defendant moved for summary judgment, asserting that its product did not literally infringe the '040 Patent. On March 30, 2006, the court issued an order granting summary judgment in favor of Defendant as to whether its product literally infringes the '040 Patent. However, the court determined that there remained an issue as to whether Defendant's product infringes under the doctrine of equivalents. The court amended its March 30, 2006 order on May 5, 2006.

This matter now is before the court on Defendant's motion for summary judgment filed May 5, 2005 (Entry 88). Defendant contends that summary judgment in its favor is appropriate as to the question of whether its product infringes the '040 Patent under the doctrine of equivalents. Plaintiff filed a memorandum in opposition to Defendant's motion on May 23, 2006, to which Defendant filed a reply on May 30, 2006. Plaintiff filed a surreply on June 8, 2006. The court held a hearing on June 28, 2006.

## I. FACTS

The pertinent facts are as follows. Plaintiff applied for a patent on December 10, 1999 for a solid core vinyl screen door having two rails and two stiles being made of foamed plastic. (Prosecution History '040 Patent, p. A-17 - A-50). On August 17, 2000 the patent examiner rejected all of Plaintiff's claims. (Prosecution History '040 Patent, p. A-84 - A-90). The claim rejections were based in part upon 35 U.S.C. § 103 as unpatentable over prior art and upon 35 U.S.C. § 112.

On December 8, 2000, Plaintiff's counsel and the Patent Office Examiner conducted a telephone interview. Both agreed that "'solid plastic' was the allowable feature in the invention and that this feature should be placed in all independent claims." (Prosecution History '040 Patent, p. A-128). The Examiner issued a Notice of Allowability with an Examiner's Amendment on December 11, 2000. The Notice provided that the claims were approved based upon the insertion of the word "solid" after "of" in claim 1, the insertion of "solid" after "of" in claim 13, line 6, and the insertion of the words "solid plastic" after "of" in claim 17, line 2. (Prosecution History '040 Patent, A-115). The Examiner allowed the '040 Patent because "no prior art of record shows a screen door having *solid plastic* rails and stiles, nor any motivation to do so." *Id.*

2

## II. DISCUSSION

Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is proper "only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Calmac Manufacturing Corp. v. Bunham-Bush, Inc.,* 929 F. Supp. 951, 956 (E.D. Va. 1996); Fed. R. Civ. P. Rule 56. There is no genuine issue of material fact where, "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Calmac Mfg.,* 929 F. Supp. at 956 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). If the nonmoving party fails to set forth sufficient evidence to establish the existence of every element to the cause of action, then Rule 56(c) requires that summary judgment be granted. *Id.*

### Law/Analysis

Defendant first asserts that prosecution history estoppel bars Plaintiff from asserting the doctrine of equivalents in relation to the "solid" limitation. The court agrees.

The doctrine of equivalents allows for a plaintiff to recover for patent infringement when an accused product or process contains an element or part that is equivalent with one that is substituted in the accused product or process. *Warner-Jenkinson Co. v. Hilston Davis Chem. Co.*, 520 U.S. 17, 29 (1997). A patentee may invoke this doctrine to proceed against the producer of a device if it performs substantially the same function in substantially the same way to obtain the same result. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609 (1950) (quoting *Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 41 (1929)). Under the

doctrine of equivalents, a court may find infringement when someone copies the heart of an invention but makes some insubstantial change in order to avoid a literal infringement. *Calmac Mfg.*, 929 F. Supp. at 961. Through the doctrine of equivalents, the law protects the letter and the spirit of a patent. *Id.*

Prosecution history estoppel serves to limit the doctrine of equivalents by denying equivalents to a claim limitation whose scope was narrowed during prosecution for reasons related to patentability. *Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1356 (Fed. Cir. 2003). Under the rule of prosecution history estoppel, something an inventor gave up during a patent's prosecution in order to obtain a patent cannot be recaptured by the doctrine of equivalents. *Calmac Mfg.*, 929 F. Supp. at 961 (citing *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1361 (Fed. Cir. 1983)). Prosecution history estoppel applies most often when the patentee amends his claim in order to overcome an initial rejection by the patent office. *Id.* When the doctrine is invoked, the court must examine what the inventor surrendered during the prosecution of his patent, either through amendment, argument, or cancellation of a claim, and the reasons for the surrender. *Id.* (citing *Hormone Research Foundation, Inc. v. Genetech, Inc.*, 904 F.2d 1558, 1564 (Fed. Cir. 1990)). The applicability of the doctrine of prosecution history estoppel is a question of law. *Id.*

The test for determining what subject matter was relinquished is an objective one, measured from the vantage point of what a competitor was reasonably entitled to conclude, from the prosecution history, that the applicant gave up to procure issuance of the patent. *Id.* (quoting *Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1578 (Fed. Cir. 1993). Avoidance of prior art is the "classic basis for the application of prosecution history estoppel." *Pioneer Magnetics, Inc. v. Micro Lindear Corp.,* 330 F.3d 1352, 1357 (Fed. Cir. 2003).

4

The Federal Circuit explained the application of the limitation of prosecution history estoppel in *Festo Corp. v. Shoketsu Kinzoku Kogyokabushiki Co.,* 344 F.3d 1359 (Fed. Cir. 2003) ("*Festo X*"). When there has been an amendment to the patent claim, and when the equivalent in question might have been covered by the original language of the patent, but is not covered by the language of the amended patent, then the patentee may not seek the more expansive protection provided under the broader language of the original patent claim. This rule applies only where the scope of the language was narrowed due to reasons of patentability. *Id.* at 1367.

In analyzing whether a claim gives rise to prosecution history estoppel, the court first must determine "whether an amendment filed in the Patent and Trademark Office ('PTO') has narrowed the literal scope of a claim." *Id.* (citing *Pioneer Magnetics*, 330 F.3d at 1356). If the amendment does not narrow the scope, then prosecution history estoppel does not apply. However, if the accused infringer establishes that the amendment was a narrowing one, the next question is whether the reason for that amendment was a substantial one relating to patentability. *Id.* If the court determines that a narrowing amendment has been made for a substantial reason relating to patentability, then the third question in a prosecution history estoppel analysis addresses the scope of the subject matter surrendered by the narrowing amendment. *Id.* (citing *Pioneer Magnetics*, 330 F.3d at 1357). At that point, a presumption is imposed that the patentee has surrendered all territory between the original claim limitation and the amended claim limitation. *Id.* (citing *Festo Corp. v. Shoketsu Kinzoku Kogyokabushiki Co.,* 535 U.S. 722, 740 (2002)) *("Festo VIII").* The patentee may rebut that presumption of total surrender by demonstrating that it did not surrender the particular equivalent in question. If the patentee fails

5

to rebut the *Festo* presumption, then prosecution history estoppel bars the patentee from relying on the doctrine of equivalents for the accused element. *Id.*

As to the first prong of the analysis, the original application claimed "two rails and two stiles being made of foamed plastic." Prosecution History '040 Patent, A-30. The Patent Examiner amended the application to include the term "solid" in every independent claim. Therefore, the claims were amended in a manner that narrowed the literal scope of the claim from "foamed plastic" to "solid foamed plastic.

As to the second prong, the record illustrates that it was the "solid plastic" feature of Plaintiff's door that made the item patentable. (Prosecution History '040 Patent, p. A-128). The Notice of Allowability explicitly stated that the claims were patentable as amended by the narrowing term "solid" because "no prior art of record shows a screen door having solid plastic rails and stiles, nor any motivation to do so." (Prosecution History '040 Patent, p. A-115). Thus, the narrowing amendment was a substantial one relating to patentability.

The patentee bears the burden of proving that an amendment was not made for a reason relating to patentability. *Festo X*, 344 F.3d at 1367 (citing *Pioneer Magnetics*, 330 F.3d at 1356); *see also Warner-Jenkinson Co. v. Hilston Davis Chem. Co.*, 520 U.S. 17, 33 (1997). Plaintiff has not objected to Defendant's assertion that the amendment was made for reasons of patentability  Plaintiff's failure to satisfy this burden leads to the *Festo* presumption, i.e., that Plaintiff has surrendered all territory between the original claim limitation and the amended claim limitation. *See Festo X* , 344 F.3d at 1367.

A patentee can assert that an amendment did not surrender the equivalent in question by demonstrating that the alleged equivalent "would have been unforeseeable at the time of the application, that the rationale underlying the amendment bore no more than a tangential relation

to the equivalent in question, or that there was 'some other reason' suggesting that the patentee could not reasonably have been expected to have described the alleged equivalent." *Id.* (quoting *Festo VIII*, 535 U.S. at 741). Plaintiff asserted for the first time at the hearing the Defendant's equivalent was unforeseeable. "Unforeseeability" presents an objective inquiry, asking whether the alleged equivalent would have been unforeseeable to one of ordinary skill in the art at the time of the amendment. *Id.* at 1369. If an alleged equivalent was known in the prior art in the field of the invention, it certainly should have been foreseeable at the time of the amendment. *Id.* (citing *Pioneer Magnetics*, 330 F.3d at 1357).

The technology of reinforcing doors with metal rods existed prior to Defendant's implementation of this technology in its product. The Background of the Invention section of the '040 Patent describes doors constructed in this fashion. In the court's view, Defendant's door was foreseeable to one of ordinary skill in the art at the time of the amendment. Accordingly, Plaintiff is unable to meet its burden of rebutting the presumption that it surrendered all territory between the original application and the claims as limited by the inclusion of the term "solid." The court concludes that prosecution history estoppel bars Plaintiff from asserting the doctrine of equivalents.

## III. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is granted and the case dismissed.

**IT IS SO ORDERED**.

/s/  Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 24, 2006.